989 F.2d 1201
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Hector E. MALDONADO, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent,
and
Office of Personnel Management, Intervenor.
 No. 92-3212.
 United States Court of Appeals, Federal Circuit.
 Feb. 5, 1993.
 
 Before MICHEL and RADER, Circuit Judges, and COHN, District Judge.*
 DECISION
 PER CURIAM.
 
 
 1
 Hector E. Maldonado appeals from the December 31, 1991 decision of the Merit Systems Protection Board ("MSPB" or "Board"), Docket No. DA08319110383, dismissing as untimely filed his September 3, 1991 petition for review of the Board's Initial Decision of June 26, 1991, which became final on July 31, 1991. We affirm.
 
 DISCUSSION
 
 2
 Under 5 C.F.R. § 1201.114(d) (1992), petitions for review by the full Board of an initial decision must be filed within 35 days after issuance of the initial decision. The Board may waive the time limit for filing for good cause shown. 5 C.F.R. § 1201.12. The Board has broad discretion in determining whether good cause exists for waiving the time limit, and this court will not substitute its own judgment for that of the Board. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). On appeal, we must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 3
 The Initial Decision of the Board issued on June 26, 1991. That decision contained a notice to the petitioner that the Initial Decision would become final on July 31, 1991, which would be the last day on which to file a petition for review with the Board. The Board stated that the postmark on Mr. Maldonado's petition was indecipherable, however the petition for review was dated August 7, 1991, and the Board received the petition on September 3, 1991. The petition was rejected by the Clerk of the Board for failure to comply with several rules governing filing and service. On September 10, 1991, the Clerk issued a notice to Mr. Maldonado allowing him 15 days to file a corrected petition and ordering him to submit an affidavit or statement showing good cause for the late filing of his original petition. In response to the order to show cause for late filing, the only reason that Mr. Maldonado gave for his untimeliness was that he misunderstood the notice contained in the Initial Decision, and therefore, he believed that he had until August 31, 1991 to submit the petition.
 
 
 4
 The Board found that Mr. Maldonado's failure to follow the straightforward directions in the Initial Decision indicated a lack of diligence or ordinary prudence necessary to establish good cause for the untimely filing of his petition for review. See Willis v. United States Postal Serv., 43 MSPR 439, aff'd, 907 F.2d 158 (Fed.Cir.1990) (table). Finding no abuse of discretion in the Board's decision, we affirm.
 
 
 
 *
 Honorable Avern Cohn, District Judge, Eastern District of Michigan, sitting by designation